**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio V Tomaro, | No. CV-26-00717-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Vanguard Group Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Antonio Tomaro's Application for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 2.) For the reasons stated below, Tomaro's application to proceed IFP will be granted, and Tomaro's Complaint, (Doc. 1), will be dismissed with leave to amend.

## I.      IFP APPLICATION

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 2), the Court finds Tomaro cannot pay the court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

## II.    SCREENING THE COMPLAINT

Because Tomaro is proceeding IFP in this case, the Court must screen his Complaint.

### A.    Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).  Thus, a complaint must include

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

### B.   Tomaro's Complaint

Tomaro brings this action against "The Vanguard Group, Inc." alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA"). (Doc. 1 at 1.) His Complaint, however, is devoid of any factual allegations sufficient to support these claims.

Tomaro alleges only that he "was subjected to adverse employment actions, disparate treatment, and loss of workplace support after disclosing protected characteristics and engaging in protected activity, while similarly situated employees were treated more favorably." (*Id.*) He further states that "Defendant's conduct violated Title VII and the Americans with Disabilities Act" and that "[a]s a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered economic loss, emotional distress, and other damages." (*Id.*) The Complaint contains no non-conclusory allegations.

To establish a prima facie case of discrimination under the ADA, a plaintiff must show "(1) that [he] is disabled within the meaning of the ADA; (2) that [he] is a qualified individual with a disability; and (3) that [he] was discriminated against because of [his] disability." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). A qualified individual is someone who has the "requisite skill, experience, education, and other job-related requirements of the employment position" and "with or without reasonable accommodations, . . . is able to perform the essential functions of such position." *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1128 (9th Cir. 2020) (quoting 29

C.F.R. § 1630.2(m)); 42 U.S.C. § 12111(8).  When a plaintiff alleges retaliation under the ADA, he must establish "(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two."  *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (quoting *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012)).

"A disparate treatment claim must plead facts demonstrating '(1) the plaintiff belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.'" *Vasquez v. Piper Sandler & Co.*, 2024 WL 4364147, at *4 (D. Ariz. 2024) (quoting *Reynaga v. Rosenburg Forest Products*, 847 F.3d 678, 691 (9th Cir. 2017)).  To allege a claim of retaliation under Title VII, a plaintiff must allege that "'(1) [he] engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, (2) [defendant] subjected [plaintiff] to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action.'" *Id.* at *6 (quoting *Manatt v. Bank of Am.*, 339 F.3d 792, 800 (9th Cir. 2003)).

Here, the facts alleged do not present a plausible claim under either the ADA or Title VII.  As to the ADA, Tomaro does not identify any disability, allege that he is a qualified individual, or describe any specific adverse action taken because of a disability.  As to Title VII, Tomaro does not identify any protected class to which he belongs, describe any adverse employment action, or offer any facts regarding how similarly situated employees outside his protected class were treated more favorably.  As to both retaliation claims, Tomaro offers no factual allegations whatsoever—he does not identify what protected activity he engaged in, what adverse action followed, or any causal connection between the two.  These conclusory accusations amount to "naked assertions devoid of . . . factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).  Because Tomaro "has not provided the Court with any basis upon which to assess [his] claim[s]," the Complaint must

be dismissed. *Dowling v. Unknown Party*, 2024 WL 3595619, at *2 (D. Ariz. 2024).

## III.    LEAVE TO AMEND

Unless the Court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

Here, the Court cannot conclude that amendment would be futile as Tomaro could allege additional facts that would state a claim for relief. Accordingly, Tomaro will be granted the opportunity to amend.

Tomaro must note that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id.* Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed** for the reasons stated above. Tomaro has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Tomaro shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[1]

**IT IS FURTHER ORDERED** that if Tomaro files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint

---

[1]    The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website. *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).

- 5 -

and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Tomaro fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 7th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge